UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                          CRIMINAL ACTION

VERSUS                                                                          NO. 14-127

LARRY RUDOLPH                                                           SECTION "K"

## ORDER AND REASONS

Before the Court are the following motions:

a) United States' Motion in Limine to Preclude Nonrelevant Cross Examination (Doc. 27);

b) United States' Motion in Limine to Preclude Irrelevant and Confusing Argument (Doc. 28);

c) Motion in Limine Regarding Presentation of Defenses Contemplated by the Federal Rules of Procedure 12, 12.1, 12.2. and 16 (Doc. 29);

d) Notice of Intent and Incorporated Memorandum in Support of its Intent to Introduce Extrinsic Evidence Pursuant to Federal Rule of Evidence 404(b) (Doc. 24);

e) Government's Notice Pursuant to Federal Rule of Evidence 609 and Supplemental Memorandum in Support of its Intent to Introduce Extrinsic Evidence Pursuant to Federal Rule of Evidence 404(b) (Doc. 34).

The Court will address these seriatim.

**a.     United States' Motion in Limine to Preclude Nonrelevant Cross Examination (Doc. 27)**

The United States moves the Court to limit the cross-examination by defendant Larry Rudolph ("Rudolph") of a government witness who was formerly a confidential informant for the government. The United States seeks to insure that the Court preclude questions concerning details of investigations other than the investigation in the instant case including the informant's other

efforts to aid law enforcement. The defendant maintains that this request should be denied based on his Sixth Amendment constitutional right of confrontation.

As stated in *United States v. Alaniz*, 726 F.3d 586 (5th Cir. 2013), "'Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *Id.* at 611 citing *Delaware v. Van Arsdall,* 475 U.S. at 679. "'The confrontation Clause is not violated if the jury has sufficient information from which to appraise a witness' bias and motives. '" *United States v. Cooks*, 209 F.3d 718, citing *United States v. Cooks,* 52 F.3d 101, 104 (5th Cir. 1995). As such,

**IT IS ORDERED** that a ruling on the United States' Motion in Limine to Preclude Nonrelevant Cross Examination (Doc. 27) is **DEFERRED.**   In the event that the United States feels that cross-examination is "nonrelevant" then counsel shall object and approach the bench before questioning concerning prior testimony or other cases in which the Confidential Informant was involved may proceed.

**b) United States' Motion in Limine to Preclude Irrelevant and Confusing Argument (Doc. 28)**

In this motion, the United States seeks to limit cross-examination concerning news coverage of errors in the FBI Crime Lab's DNA unit. As the defendant has represented to the Court that he will not contest the admission of DNA evidence recovered from the interior of the vehicle because he does not contest that he was at the scene or that he escaped in the Hummer,

**IT IS ORDERED** that the United States' Motion in Limine to Preclude Irrelevant and Confusing Argument (Doc. 28) is **DENIED** as **MOOT.**

c)   Motion in Limine Regarding Presentation of Defenses Contemplated by the Federal Rules of Procedure 12, 12.1, 12.2. and 16 (Doc. 29)

The United States moves the Court to order the Court to produce any discovery that has not been produced as required under Fed. R. Crim. Proc. 16 before 5:00 p.m. Thursday, June 11. In addition it requests that the Court preclude the defendant from presenting argument or evidence in support of an alibi or an insanity defense pursuant to Fed. R. Crim. Proc. 12.1 and 12.2.

Defense counsel has represented to the Court that it has previously represented to the United States that it has no discovery to provide and that should something be found, the defendant would provide same forthwith. Moreover, defendant's counsel represented that he has no intention of asserting either an alibi or insanity defense. Accordingly,

**IT IS ORDERED** that the Motion in Limine is **DENIED** as **MOOT.**

d)   Notice of Intent and Incorporated Memorandum in Support of its Intent to Introduce Extrinsic Evidence Pursuant to Federal Rule of Evidence 404(b) (Doc. 24); and

(e)   Government's Notice Pursuant to Federal Rule of Evidence 609 and Supplemental Memorandum in Support of its Intent to Introduce Extrinsic Evidence Pursuant to Federal Rule of Evidence 404(b) (Doc. 34)

The United States has brought this criminal indictment against Larry Rudolph for taking a motor vehicle that had been transported, shipped and received in interstate commerce from the victim by force, violence, and intimidation, with the intent to cause death and serious bodily harm.

As a result of these alleged actions which occurred on April 8, 2014, the defendant is charged with carjacking pursuant to 28 U.S.C. § 2119 (Count 1); being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1) and 924 (a)(2) (Count 2)[1]; and using a firearm in relation to a crime of violence that being a carjacking in violation of 18 U.S.C. 924(c)(1)(a) and 927(C)(1)(a)(ii).

The Government initially gave notice that it "anticipates calling witnesses and producing documents including police reports which will be pertinent as regards previous armed robberies, kidnappings, and other firearms-related crimes for which Larry Rudolph has previously pled guilty." (Doc. 24 at 3-4). No specific documents or other description of the "other acts" or documents were including in this filing. Upon a request for further clarification, the Court was provided a 144 page discovery file which had been provided to the defendant concerning his prior convictions with no specific page citation.

Subsequently a supplemental "notice" was filed verifying that the Government seeks to introduce the details of the 1991 conviction ostensibly through the testimony of the officers who responded to the 1991 crime referencing that the relevant police report. (Doc. 34 1-2). The government thus seeks to introduce Mr. Rudolph's September 12, 1991 conviction of aggravated kidnapping and simple kidnapping arising out of an incident wherein he used a handgun to intimidate the driver of a vehicle into relinquishing control of that vehicle to him. He then took control of the vehicle by getting behind the driver's wheel. A demand for money was made by the perpetrators of the crime with the threat money be given to the perpetrators or else the victims were going to be killed. This testimony concerning the 1991 conviction would allegedly "offer

---

[1] The 1991 conviction is the underlying crime used for the felon in possession charge.

probative information to the jury as to the absence of mistake, lack of accident, and the intent that Rudolph has shown in his previous similar criminal acts." Doc. 34 at 2).

In addition, the government seeks to introduce a 1982 conviction for armed robbery wherein Rudolph along with another perpetrator robbed a bartender at gunpoint. He was later arrested while in possession of a stolen car and lied about his identity. It was subsequently learned that Rudolph was in fact wanted fo aforementioned armed robbery. (Doc. 34 at 2). The government maintains that the officers who handled that case could offer testimony concerning observations relative to the scene, the circumstances surrounding that robbery and their impressions based on the totality of their investigation. This evidence would allegedly demonstrate "the defendant's propensity for using handguns in close quarters following a sudden rush to intimidate subjects into relinquishing their property." (Doc. 34 at 3 of 4).

Moreover, in this latter filed motion, the government also seeks the admission of evidence of these two convictions under Fed. R. of Evid. 609.

**Rule 404(b)**

Rule 404(b)(1) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Subsection (b) however carves out specific purposes for which such evidence may be introduced, specifically "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." The Fifth Circuit has adopted a two-step test articulated in *United States v. Beechum*, 582 F.2d 898, 911 (5th

Cir. 1978) which first requires a court to determine whether "the extrinsic evidence is relevant to an issue other than the defendant's character."  Then, the Court must decide whether the evidence possesses "probative value that is not substantially outweighed by its undue prejudice." *United States v. Wallace*, 759 F.3d 486, 493-94 (5th Cir. 2014) citing *United States v. Mitchell*, 484 F.3d 762, 774 (5th Cir. 2007).

>As stated in *United States v. Cockrell,* 587 F.3d 674 (5th Cir. 2009):
>
>In weighing the probative value and unfair prejudice, this court must make a "commonsense assessment of all of the circumstances surrounding the extrinsic offense." *Beechum*, 582 F.2d at 914.  Probative value "must be determine with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation or inference." *Id.*  Other factors to be considered include"the overall similarity of the extrinsic and charged offenses and the amount of time that separates the extrinsic and charged offenses" as well as any limiting instructions. *United States v. Richards,* 204 F.3d 177, 199-201 (5th Cir. 2000) (citation omitted).

*Id.* at 678-79.

**Relevancy as to Intent**

As to the first prong,  Fed. R. Evid. 401 provides the test to determine whether the extrinsic evidence sought to be introduced  is relevant as it pertains to something other than the defendant's character. Thus, that evidence is relevant "when it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Beecham,* 582 F.2d at 911.  Thus "[w]here the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charge offenses." *Id.*  Moreover, the defendant's intent is called into question with his

not guilty plea. *See United States v. Jefferson*, 432 Fed. Appx. 382, 2011 WL 2749678 (5th Cir. 2011) (unpublished). "Courts can admit evidence that speaks to the element of intent to commit a crime, which may include evidence of prior felony convictions, *see* Fed. R. Evid. 404(b); such evidence may "lessen[ ] the likelihood that [the defendant] committed the offense with innocent intent or lack of knowledge." *United States v. Charles*, 366 Fe3d. Appx. 532, 538 (5th Cir. 2010) (unpublished) *Jefferson* 432 Fed. Appx. at 393.

  Clearly, the 1991 conviction meets this standard for proving intent; the defendant stands convicted of a carjacking at gunpoint. The circumstances align so closely that the court finds that the defendant indeed "indulged" in the same state of mind in the perpetration of the 1991 conviction and the offenses charged herein.

  The same cannot be said for the 1982 conviction. In that instance, the stolen vehicle had not been hijacked from the armed robbery victim. Indeed the circumstances surrounding the stolen vehicle are not clear. As such, the 1982 conviction fails the first prong. So the Court will now examine whether the probative value outweighs any unfair prejudice as to the 1991 conviction.

**Probative Value as Balance against Unfair Prejudice**

  Turning to the decision as to whether the 1991 conviction possesses "probative value that is not substantially outweighed by its undue prejudice," the Court finds the following language from *United States v. Cockrell,* 587 F.3d 674 (5th Cir. 2009) instructive:

> In weighing the probative value and unfair prejudice, this court must make a "commonsense assessment of all of the circumstances surrounding the extrinsic offense." *Beechum*, 582 F.2d at 914. Probative value "must be determine with regard to the extent to which the defendant's unlawful intent is established by other

> evidence, stipulation or inference." *Id.* Other factors to be considered include"the overall similarity of the extrinsic and charged offenses and the amount of time that separates the extrinsic and charged offenses" as well as any limiting instructions. *United States v. Richards,* 204 F.3d 177, 199-201 (5th Cir. 2000) (citation omitted).

*Id.* at 678-79. Another consideration is the government's need for the extrinsic evidence. *United States v. Obregon-Reyes*, 507 Fed. Appx. 413, 418 (5th Cir 2013) (unpublished).

Considering these factors, the Court finds that the probative value of the prior conviction outweighs the possible prejudice. Mr Rudolph "has never contested that he was present and had an altercation with the alleged victim. He has contested the government's allegation that he possessed a firearm and that he robbed or carjacked the alleged victim. Given this expressed denial of having the requisite intent, the 1991 conviction is needed for the government's case. The overall similarity of the 1991 crime and the charges that the defendant faces herein is striking. Indeed, the fact that the defendant is not contesting that DNA evidence establishes his identity and presence at the scene underscores the need for the Government to show that, as state in *Beechum*, "from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charge offenses." *Beecham,* 582 F.2d at 911.

As to the remoteness in time, "[r]emoteness may waken a conviction's probative value, but remoteness has never been a per se bar to the admission of a prior conviction."*United States v. Wallace*, 759 F.3d 486,494 (5th Cir. 2014) citing *United States v. Hernandez–Guevara,* 162 F.3d 863, 872 (5th Cir.1998) ("The age of a prior conviction has never been held to be a per se bar to its use under Rule 404."); *United States v. Cockrell,* 587 F.3d 674, 680 (5th Cir.2009) ( "Although remoteness of the extrinsic acts evidence may weaken its probative value, the age of the prior conviction does not bar its use under Rule 404." (internal quotation marks omitted)); *United States*

*v. Broussard,* 80 F.3d 1025, 1040 (5th Cir.1996) (finding no prejudice from the admission of a prior conviction that occurred more than ten years before the charged offense); *see also United States v. Chavez,* 119 F.3d 342, 347 (5th Cir.1997) (per curiam) (holding that the district court did not abuse its discretion in admitting evidence of a 15–year–old conviction).

Moreover, the Court shall give a proper limiting instruction concerning this evidence at the appropriate time.

To the extent, the Government has also moved for the introduction of these two convictions under Fed. R. Crim Proc. 609(b) which is misplaced.  Rule 609 concerns the use of prior conviction to attack a witness's character for truthfulness by evidence of a criminal conviction.  The two convictions do not bear any relationship to character for truthfulness and as such, the Court shall not allow the introduction of these convictions under that rule of evidence.  *United States v. Avants*, 367 F.3d 433, 448 (5th Cir. 2004).  Accordingly,

**IT IS ORDERED** that the Government shall be allowed to introduce the 1991 conviction pursuant to Fed. R. Crim. Proc. 404(b); all other requests for admission of the 1982 and 1991 convictions are **DENIED.**

New Orleans, Louisiana this 13th day of June, 2015.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**