UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                          CRIMINAL ACTION

VERSUS                                                                          NO. 14-127

LARRY RUDOLPH                                                        SECTION "K"

## ORDER AND REASONS

Before the Court is a Motion in Limine to Exclude Recordings and Transcripts filed by Larry Rudolph. (Doc. 37). After the motion was filed, the Court conducted a telephonic conference concerning the subject recordings. There are only two audio recordings sought to be introduced: Audio Recording No. 4 and Audio Recording No. 5. Both of these recordings are of the defendant and a "confidential human source" or "CHS" as identified in the government and Federal Public Defender ("FPD.") transcripts provided. The Court has listened to both of the recordings and has reviewed the government transcripts of Recording No. 4 and Recording No. 5 as well as the FPD. transcript of Recording No. 5.

"Tape recordings are admissible in a criminal trial if they are reliable. 'The government has the duty of laying a foundation that the tape recordings accurately reproduce the conversations that took place, *i.e.*, that they are accurate, authentic, and trustworthy. Once this is done, the party challenging the recordings bears the burden of showing that they are inaccurate.'" *United States v. Thompson*, 130 F.3d 676, 683 (5th Cir. 1997). Moreover, it is only reversible error to admit recordings with inaudible parts when "'the inaudible parts are so substantial as to make the rest more misleading than helpful.'" *Id. See United States v. Elchos,* 2012 WL 162034, *3 (S.D. Miss. Jan. 19, 2012).

The admission of authenticated transcripts is for two purposes. "First portions of the tape may be inaudible or difficult to hear when replayed in the courtroom; second the supplement transcript may help identify the speakers." *United States v. Rochan*, 563 F.2d 1246, 1251 (5th Cir. 1977). Where as here, the parties cannot agree on a "stipulated" transcript, "each side should produce its own supplemental transcript, or its own version of the disputed portions. Each party is also free to put on 'additional evidence supporting the accuracy of its version.'" *Id.*

Based on the foregoing framework and the Court's review of the audio recordings, the Court finds that the audio tapes are sufficiently audible to be admissible, provided that the Government lays the proper foundation for their being introduced into evidence. This decision rests on the Court's finding that the inaudible parts are not so substantial as to make the rest more misleading than helpful. *Echos,* at *3.

Given the defendant is a declarant in these recording, there is no issue with respect to hearsay. Fed. R. Evid. 801(d)(2). However, the Court will give a limiting instruction that as to the declarations of the CHS, those statements are not being admitted for the truth thereof, but only to give context to the defendant's statements. Finally, the Court will allow the admission of each version of the transcript as contemplated in *Rochan* and will allow counsel to put on such "additional evidence" as is necessary to support the accuracy of each party's version. Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Recordings and Transcripts filed by Larry Rudolph (Doc. 37) is **DENIED**. Audio Tape No. 4 and No. 5 shall be allowed to be introduced in compliance with the guidelines provided above.

New Orleans, Louisiana this 14th day of June, 2015.

                                **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE**